**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

TAMARIS (GIBRALTAR) LIMITED
Madison Building
Midtown, Queensway Gibraltar,

and

ZAMIA LLP
Madison Building
Midtown, Queensway Gibraltar,

      Plaintiffs,

v.

KING GAMES

      and

JOHN DOES 1-8,

      Defendants.

Civil Action No. _____

## COMPLAINT

Tamaris (Gibraltar) Limited operating as Pragmatic Play ("Pragmatic Play") and Zamia LLP ("Zamia," and collectively, "Plaintiffs"), by counsel, alleges as follows for their Complaint against Defendants King Games and John Does 1–8, who are owners, operators, financers, or otherwise associated with the websites operated through the internet domain names listed in Exhibit A,[1] seeking, *inter alia*, disabling of the websites that inaccurately and deceptively claim to be from or affiliated with Plaintiffs and/or Plaintiffs' mobile and desktop games.

---

[1] Plaintiffs have identified a network of infringing domains being supplied by King Games. For ease of reference the scam is referred to as "King Games Counterfeit Sites."

## NATURE OF THE SUIT

1.     This is an action for trademark counterfeiting and infringement under the Lanham Act, 15 U.S.C. §§ 1114 and 1116(d)(1), and copyright infringement under the Copyright Act, 17 U.S.C. § 101, *et seq*., against Defendants.

2.     Plaintiffs' invaluable rights in the distinctive PRAGMATIC PLAY trademarks, the distinctive game trademarks owned by Plaintiffs, and Plaintiffs' copyright-protected works have been deliberately infringed through unauthorized use of the PRAGMATIC PLAY trademarks, Plaintiffs' game trademarks, and copyright-protected games on websites falsely purporting to be associated with Plaintiffs.

## PARTIES

3.     Plaintiff Tamaris (Gibraltar) Limited is a Gibraltar limited company with a principal business address of Madison Building, Midtown, Queensway Gibraltar.

4.     Plaintiff Zamia LLP is a Gibraltar limited liability partnership with a principal business address of Madison Building, Midtown, Queensway Gibraltar.

5.     Defendant King Games is an entity of unknown location or corporate structure that provides games for the King Games Counterfeit Sites.

6.     Defendants John Does 1–8 are entities or individuals who appear to operate and/or finance the King Games Counterfeit Sites and/or are acting in concert with those who operate the King Games Counterfeit Sites.

7.     Plaintiffs have not been able to verify the true identity of any Defendants.

8.     Plaintiffs refer to King Games and John Does 1–8 collectively as "Defendants."

## JURISDICTION, VENUE, AND JOINDER

9.    This is a civil action for trademark counterfeiting and infringement under the Lanham Act, 15 U.S.C. § 1114(1), and for copyright infringement under the Copyright Act, 17 U.S.C. § 101 *et seq.*

10.    This Court has original jurisdiction under 15 U.S.C. § 1121(a), 17 U.S.C. § 101 *et seq.*, and 28 U.S.C. §§ 1331 and 1338(a).

11.    Plaintiffs' claims against Defendants for trademark counterfeiting, trademark infringement, and copyright infringement are based on Defendants' misuse of Plaintiffs' trademarks and copyright-protected works to operate fraudulent, interactive websites providing casino gaming services to consumers.

12.    This Court has personal jurisdiction over Defendants because they have sufficient minimum contacts with Virginia that they can expect to be haled to court here and/or pursuant to Va. Code § 8.01-328.1(A)-(B).    In the alternative, this Court has jurisdiction under Fed. R. Civ. P. 4(k) because Plaintiffs' claims arise under federal law and "exercising jurisdiction is consistent with the United States Constitution and laws." *See* Fed. R. Civ. P. 4(k)(2)(B).

13.    While the extent of Defendants' operations within the United States are not clear, at the very least, Defendants have operated the King Games Counterfeit Sites through extensive use of U.S.-based service providers, networks, and instrumentalities including, without limitation, U.S. based domain registries, domain registrars, content delivery network (CDN) providers, hosting providers, payment providers, certificate providers, and email service providers, and Defendants have provided online casino services to computers in this District as confirmed by Plaintiffs' investigator's accessing of certain of the King Games Counterfeit Sites from a computer located in the District.

14.    Defendants also contract with U.S.-based domain registrars to purchase domain names associated with the King Games Counterfeit Sites and to host the King Games Counterfeit Sites.

15.    Venue lies in this District because "a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated" in this district.  28 U.S.C. § 1391(b)(2).

16.    Joinder of Plaintiffs is proper under Fed. R. Civ. P. 20(a)(1) in that the claims set forth herein arise out of the same series of transactions, the scam sites operated by the Defendants share registrars, hosts, and/or other common features indicative of common ownership or use, and the same questions of law are common to all Plaintiffs.  For instance, Plaintiffs each own invaluable rights in distinctive trademarks and copyright protected works that have been deliberately infringed through unauthorized use of those trademarks and works by Defendants through the configuration of nearly identical websites offering counterfeit versions of Plaintiffs' games and displaying counterfeit trademarks.

17.    Joinder of Defendants is proper under Fed. R. Civ. P. 20(a)(2) in that the claims set forth herein arise out of the same series of transactions, the scam sites operated by the Defendants share registrars, hosts, and/or other common features indicative of common ownership or use, and the same questions of law are common to all Defendants.  For instance, the registration records demonstrate that the sites operated by Defendants share common naming conventions, infringe on the same trademarks and do so in similar ways—by configuring nearly identical websites offering counterfeit versions of Plaintiffs' games and displaying counterfeit marks.  The domains operated by the Defendants are utilizing the same group of domain names to host and launch their counterfeit games.  Moreover, the claims against all Defendants will involve the same questions

of both fact and law, including whether the Defendants have engaged in trademark and copyright infringement through the operation of a massive and interconnected scam network of online casinos.

## PLAINTIFFS' RIGHTS

18.    Tamaris (Gibraltar) Limited, operating as Pragmatic Play, is the proprietor of Pragmatic Play's intellectual property, which encompasses trademarks, copyrights, and other assets.  Pragmatic Play is a leading developer and provider of mobile and desktop casino games for the online gaming industry.

19.    In 2016, Pragmatic Play was issued a license by the Malta Gaming Authority to develop and supply online casino games.  Since then, Pragmatic Play has been actively and continuously developing, offering, and supplying a wide range of games under the PRAGMATIC PLAY trademark to operators in various jurisdictions.

20.    The PRAGMATIC PLAY mark is often used as a word mark and displayed as plain text.  At times, the PRAGMATIC PLAY mark is displayed in a stylized form with a design, as shown below:



Pragmatic Play has consistently used this composite mark in association with its gaming services for several years (collectively with the PRAGMATIC PLAY word mark the "PRAGMATIC PLAY Marks").

21.    Since receiving its first license in 2016, Pragmatic Play has acquired licenses in numerous regulated markets.

22.    Pragmatic Play offers an array of games under the PRAGMATIC PLAY Marks, including online slot games, live casino games, bingo, and virtual sports.

23.    Pragmatic Play has actively participated in marketing activities such as year-round public relations campaigns that ensure brand momentum, paid and earned content marketing including webinars, feature stories, and interviews, paid advertising including display banners and newsletter sponsorship, sponsored and attended both physical and virtual events including EGR Awards, Sigma and SBC, and social media including LinkedIn, Twitter, Facebook, and Instagram, and constant recognition as a leading supplier across tier-I industry awards. All of these efforts prominently feature the PRAGMATIC PLAY Marks.

24.    On October 29, 2014, Pragmatic Play registered the domain name PragmaticPlay.com. Pragmatic Play began publishing gaming content through use of the PRAGMATIC PLAY Marks on its websites in 2015. Pragmatic Play's websites are internationally accessible.

25.    Consumers have come to distinguish and recognize the legitimacy of Pragmatic Play's services as a result of the use and widespread promotion of the PRAGMATIC PLAY Marks.

26.    Likely due to the financial elements of online gaming, Pragmatic Play is constantly combatting malicious third parties' attempts to misuse the PRAGMATIC PLAY Marks to confuse, mislead, and/or deceive consumers. To protect both its consumers and its valuable marks, Pragmatic Play has engaged in significant enforcement efforts relating to its intellectual property. Its efforts include defensive domain name registrations, administrative proceedings under the Uniform Domain Name Dispute Resolution Policy, take-down notices, and anti-cybersquatting actions, including litigation in this Court. *See Tamaris (Gibraltar) Ltd. v. Vasilyevich*, No. 1:24-cv-1146 (E.D. Va. July 2, 2024); *Tamaris (Gibraltar) Ltd. v. John Does 1-9*, No. 1:24-cv-109

(E.D. Va. Jan. 23, 2024); *Tamaris (Gibraltar) Ltd. amppragmaticplay.com*, 1:24-cv-748 (E.D. Va. May 3, 2024); *Tamaris (Gibraltar) Limited v. Amppragmaticplay.com*, 1:24-cv-748 (E.D. Va. May 3, 2024); *Tamaris (Gibraltar) Limited v. John Does 1-9*, 1:24-cv-109 (E.D. Va. Jan. 23, 2024); *Tamaris (Gibraltar) Limited v. ppgamesusa.com et al.*, No. 1:23-cv-1692 (E.D. Va. Dec. 12, 2023); *Pragmatic Play International Ltd. v. Does 1-10*, 1:23-cv-188 (E.D. Va. Feb. 10, 2023); *Tamaris (Gibraltar) Limited v. pragmaticplays.co et al.*, No. 2:24-cv-00009 (D. Ariz. Jan. 3, 2024); *PragmaticPlay Int'l Ltd. v. Agenpragmaticplay.live*, No. 2:23-cv-497 (D. Ariz. Mar. 23, 2023); *PragmaticPlay Int'l Ltd. v. Agen-pragmaticplay.org*, No. 1:23-cv-174 (E.D. Va. Feb. 7, 2023); *PragmaticPlay Int'l Ltd. v. 51ppgame.com*, No. 1:22-cv-1016 (E.D. Va. Sept. 8, 2022); *PragmaticPlay Int'l Ltd. v. 789pragmaticplay.com*, No. 1:22-cv-835 (E.D. Va. July 22, 2022).[2]

27.     Based on Pragmatic Play's extensive use and promotion of the PRAGMATIC PLAY Marks, and the recognition and goodwill the marks have achieved in the eyes of the consuming public, the PRAGMATIC PLAY Marks are distinctive and/or famous, and are entitled to broad common law trademark rights.

28.     The King Games Counterfeit Sites display unauthorized colorable imitations of the PRAGMATIC PLAY Marks, which further demonstrates that the PRAGMATIC PLAY Marks are distinctive and were famous and/or distinctive prior to the time of unauthorized use by the King Games Counterfeit Sites.

---

[2] Past actions asserting these trademark rights have been brought by PragmaticPlay International Ltd. as the plaintiff.  In 2023, Pragmatic Play underwent corporate restructuring, during which the trademark rights and that portion of the business to which the rights pertained were transferred to Tamaris (Gibraltar) Limited.

29.    In addition to its common law trademark rights, Pragmatic Play possesses statutory rights in the PRAGMATIC PLAY Marks by virtue of its ownership of U.S. trademark registrations for both the PRAGMATIC PLAY word mark and composite mark, directed to "Entertainment services, namely, providing games of chance via the Internet," U.S. Reg. Nos. 6848492, 6890979, 7307616, and 7330411.  Copies of these registrations are attached as Exhibit B.

30.    Similarly, Zamia owns comparable intellectual property, which encompasses trademarks, copyrights, and other assets related to Zamia's end-to-end development of online slot-style games exclusively for Pragmatic Play.

31.    Zamia has been actively and continuously developing, offering, and supplying a wide range of games under its own trademarks to Pragmatic Play in various jurisdictions.

32.    Pragmatic Play and Zamia also possess statutory rights in a number of U.S. trademark registrations and pending registrations related to its their online games (together, "Plaintiffs' Game Marks").

33.    Below is a list of Pragmatic Play's U.S. federal trademark registrations for its word marks and design marks related to its online games.

| Reg. No. | Mark | Registered Services |
|---|---|---|
| 7184108 | AZTEC GEMS | Entertainment services, namely, providing games of chance via the Internet. |
| 7202939 | AZTEC GEMS | Entertainment services, namely, providing games of chance via the Internet. |
| 7381450 | CHILLI HEAT | Entertainment services, namely, providing games of chance via the Internet. |
| 7381449 | CHILLI HEAT | Entertainment services, namely, providing games of chance via the Internet. |

| 7424250 |  | Downloadable software for playing casino games, slot games, mobile games, lottery games, online wagering games and online electronic games; Gaming machines, namely, devices which accept a wager; Entertainment services, namely, providing games of chance via the Internet. |
| 7424249 |  | Entertainment services, namely, providing games of chance via the Internet. |
| 7424248 | DROPS & WINS | Entertainment services, namely, providing games of chance via the Internet. |
| 7375130 | FRUIT PARTY | Entertainment services, namely, providing games of chance via the Internet. |
| 7545259 |  | Entertainment services, namely, providing games of chance via the Internet. |
| 7375132 |  | Entertainment services, namely, providing games of chance via the Internet. |
| 7375131 | FRUIT PARTY 2 | Entertainment services, namely, providing games of chance via the Internet. |
| 7256466 |  | Entertainment services, namely, providing games of chance via the Internet. |
| 7256465 | GATES OF OLYMPUS | Entertainment services, namely, providing games of chance via the Internet. |
| 7567919 | GATES OF OLYMPUS | Downloadable software for playing casino games, slot games, mobile games, lottery |

9

|  |  | games, online wagering games and online electronic games; Gaming machines, namely, devices which accept a wager. |
|---|---|---|
| 7184109 | GEMS BONANZA | Entertainment services, namely, providing games of chance via the Internet. |
| 7184110 |  | Entertainment services, namely, providing games of chance via the Internet. |
| 7184107 | JOHN HUNTER AND THE TOMB OF THE SCARAB QUEEN | Entertainment services, namely, providing games of chance via the Internet. |
| 7184111 | JOKER'S JEWELS | Entertainment services, namely, providing games of chance via the Internet. |
| 7184112 |  | Entertainment services, namely, providing games of chance via the Internet. |
| 7477526 |  | Entertainment services, namely, providing games of chance via the Internet. |
| 7510708 |  | Entertainment services, namely, providing games of chance via the Internet. |
| 7202940 | PANDA'S FORTUNE | Entertainment services, namely, providing games of chance via the Internet. |
| 7202941 |  | Entertainment services, namely, providing games of chance via the Internet. |

| 7186621 |  | (i) Downloadable computer gaming software; (ii) Gaming machines; (iii) Providing on-line information in the field of computer gaming entertainment; and (iv) Providing temporary use of online non-downloadable computer gaming software. |
| --- | --- | --- |
| 7370545 |  | Downloadable computer gaming software; Gaming machines; Providing on-line information in the field of computer gaming entertainment; and Providing temporary use of online non-downloadable computer gaming software. |
| 7773162 |  | Downloadable software for playing casino games, slot games, mobile games, lottery games, online wagering games and online electronic games; Gaming machines, namely, devices which accept a wager; Entertainment services, namely, providing games of chance via the Internet. |
| 7307616 |  | Downloadable software for playing casino games, slot games, mobile games, lottery games, online wagering games and online electronic games. |
| 7330411 | PRAGMATIC PLAY | Downloadable software for playing casino games, slot games, mobile games, lottery games, online wagering games and online electronic games. |
| 7256467 |  | Entertainment services, namely, providing games of chance via the Internet. |

| | | |
|---|---|---|
| 7567920 |  | Downloadable software for playing casino games, slot games, mobile games, lottery games, online wagering games and online electronic games; Gaming machines, namely, devices which accept a wager. |
| 7375079 |  | Entertainment services, namely, providing games of chance via the Internet. |
| 7375078 | SANTA'S WONDERLAND | Entertainment services, namely, providing games of chance via the Internet. |
| 7375144 |  | Entertainment services, namely, providing games of chance via the Internet. |
| 7375143 | SWEET BONANZA | Entertainment services, namely, providing games of chance via the Internet. |
| 7375146 |  | Entertainment services, namely, providing games of chance via the Internet. |
| 7375145 | SWEET BONANZA XMAS | Entertainment services, namely, providing games of chance via the Internet. |
| 7381445 |  | Entertainment services, namely, providing games of chance via the Internet. |
| 7381444 | THE DOG HOUSE | Entertainment services, namely, providing games of chance via the Internet. |
| 7375090 |  | Entertainment services, namely, providing games of chance via the Internet. |

| 7375089 | THE HAND OF MIDAS | Entertainment services, namely, providing games of chance via the Internet. |
| --- | --- | --- |
| 7706820 |  | Downloadable software for playing casino games, slot games, mobile games, lottery games, online wagering games and online electronic games; Gaming machines, namely, devices which accept a wager; Entertainment services, namely, providing games of chance via the Internet. |
| 7706819 | COLOSSAL CASH ZONE | Downloadable software for playing casino games, slot games, mobile games, lottery games, online wagering games and online electronic games; Gaming machines, namely, devices which accept a wager; Entertainment services, namely, providing games of chance via the Internet. |
| 7592979 |  | Downloadable software for playing casino games, slot games, mobile games, lottery games, online wagering games and online electronic games; Gaming machines, namely, devices which accept a wager. |
| 7603042 | RISE OF GIZA POWERNUDGE | Downloadable software for playing casino games, slot games, mobile games, lottery games, online wagering games and online electronic games. |

34.    Below is a list of Zamia's U.S. federal trademark registrations for its word marks and design marks related to its online games.

| Reg. No. | Mark | Registered Services |
| --- | --- | --- |
| 7215118 | BIG BASS BONANZA | Entertainment services, namely, providing games of chance via the Internet. |

13

| 7215128 |  | Entertainment services, namely, providing games of chance via the Internet. |
|---|---|---|
| 7307856 | BIG BASS BONANZA | Downloadable software for playing casino games, slot games, mobile games, lottery games, online wagering games and online electronic games. |
| 7307857 |  | Downloadable software for playing casino games, slot games, mobile games, lottery games, online wagering games and online electronic games. |
| 7307858 | BIGGER BASS BONANZA | Downloadable software for playing casino games, slot games, mobile games, lottery games, online wagering games and online electronic games. |
| 7307859 |  | Downloadable software for playing casino games, slot games, mobile games, lottery games, online wagering games and online electronic games. |
| 7226717 | BIGGER BASS BONANZA | Entertainment services, namely, providing games of chance via the Internet. |
| 7226718 |  | Entertainment services, namely, providing games of chance via the Internet. |
| 7295313 | FLOATING DRAGON HOLD & SPIN | Entertainment services, namely, providing games of chance via the Internet |

| | | |
|---|---|---|
| 7295314 |  | Entertainment services, namely, providing games of chance via the Internet |

35.     A true and correct copy of U.S. trademark registrations owned by Plaintiffs for the marks related to their online games is attached hereto as Exhibit C.

36.     Plaintiffs also have a number of pending U.S. trademark applications and common law marks related to their online gaming products.  Below is a list of Pragmatic Play's pending U.S. federal trademark applications and common law marks for its word marks and design marks related to its Pragmatic Play online games.

| SER. NO. | MARK | SERVICES |
|---|---|---|
| 97202518 | MEGA ROULETTE | Entertainment services, namely, providing games of chance via the Internet. |
| 97204270 | MEGA SIC BO | Entertainment services, namely, providing games of chance via the Internet. |
| 97450360 | PPGAMES | Downloadable computer gaming software; Gaming machines; and Providing on-line information in the field of computer gaming entertainment. |
| 99266083 | COLOSSAL CASH ZONE | Downloadable software for playing casino games, slot games, mobile games, lottery games, online wagering games and online electronic games; Gaming machines, namely, devices which accept a wager |
| 99266074 | COLOSSAL CASH ZONE | Downloadable software for playing casino games, slot games, mobile games, lottery games, online wagering games and online electronic games; Gaming machines, namely, devices which accept a wager |
| 97432389 | WILD WILD RICHES | Downloadable software for playing casino games, slot games, mobile games, lottery |

| | | |
|---|---|---|
| | | games, online wagering games and online electronic games; Gaming machines, namely, devices which accept a wager; Entertainment services, namely, providing games of chance via the Internet; none of the aforesaid services to be provided via physical casino services |
| 97476687 | WILD WILD RICHES | Downloadable software for playing casino games, slot games, mobile games, lottery games, online wagering games and online electronic games; Gaming machines, namely, devices which accept a wager; Entertainment services, namely, providing games of chance via the Internet; none of the aforesaid services to be provided via physical casino services |
| 99232738 | SUGAR RUSH | Downloadable software for playing casino games, slot games, mobile games, lottery games, online wagering games and online electronic games; Gaming machines, namely, devices which accept a wager; Entertainment services, namely, providing games of chance via the Internet |
| 99232730 | Sugar Rush | Downloadable software for playing casino games, slot games, mobile games, lottery games, online wagering games and online electronic games; Gaming machines, namely, devices which accept a wager; Entertainment services, namely, providing games of chance via the Internet |
| Common law | REEL KINGDOM | Entertainment services, namely, providing games of chance via the Internet. |
| Common law | CASH ELEVATOR | Entertainment services, namely, providing games of chance via the Internet. |
| Common law | DIAMOND STRIKE | Entertainment services, namely, providing games of chance via the Internet. |

| Common law | EMPTY THE BANK | Entertainment services, namely, providing games of chance via the Internet. |
|---|---|---|
| Common law | EYE OF THE STORM | Entertainment services, namely, providing games of chance via the Internet. |
| Common law | GATES OF HEAVEN | Entertainment services, namely, providing games of chance via the Internet. |
| Common law | GATES OF VALHALLA | Entertainment services, namely, providing games of chance via the Internet. |
| Common law | JOKER KING | Entertainment services, namely, providing games of chance via the Internet. |
| Common law | MUSTANG GOLD | Entertainment services, namely, providing games of chance via the Internet. |
| Common law | PYRAMID BONANZA | Entertainment services, namely, providing games of chance via the Internet. |
| Common law | QUEEN OF GOLD | Entertainment services, namely, providing games of chance via the Internet. |
| Common law | SARAY RUYAS | Entertainment services, namely, providing games of chance via the Internet. |
| Common law | STARLIGHT PRINCESS | Entertainment services, namely, providing games of chance via the Internet. |
| Common law | THE ULTIMATE 5 | Entertainment services, namely, providing games of chance via the Internet. |
| Common law | VAMPIRE V/S WOLVES | Entertainment services, namely, providing games of chance via the Internet. |
| Common law | RETURN OF THE DEAD | Entertainment services, namely, providing games of chance via the Internet. |
| Common law | HOT TO BURN | Entertainment services, namely, providing games of chance via the Internet. |

37. In addition to their trademark rights in the PRAGMATIC PLAY Marks, and Plaintiffs' Game Marks, Plaintiffs are the authors and owners of the images, graphics, sound

recordings, and software code associated with their games, which are creative and original expressions that are entitled to copyright-protection ("Plaintiffs' Works").

## THE KING GAMES NETWORK OF COUNTERFEIT WEBSITES AND GAMES

38.    This action arises out of Defendants' operation of a large network of websites to distribute counterfeit games authored and owned by Plaintiffs.  Specifically, the websites in this network make unauthorized use of the PRAGMATIC PLAY Marks, Plaintiffs' Game Marks, and Plaintiffs' Works to replicate the look and feel of the legitimate games offered by Plaintiffs.

39.    The King Games websites engage in unauthorized copying and display of Plaintiffs' copyright protected materials including images, sound recordings, and software code to create graphical user interfaces for counterfeit games.

40.    The King Games Counterfeit Sites are using portions of code that are identical to the code for Plaintiffs' authentic games.

41.    Having created altered versions of Plaintiffs' games based on copying Plaintiffs' materials, Defendants launched their counterfeit games using domains that are not affiliated with Plaintiffs and use the PRAGMATIC PLAY Marks and Plaintiffs' Game Marks to confuse consumers into believing that the counterfeit games are genuine games offered by Plaintiffs.

42.    Upon information and belief, the King Games infringing games are used by players who access the King Games Counterfeit Sites from around the world including, without limitation, by players within the United States and the District.

43.    Upon information and belief, these King Games websites: (a) do not have licenses for the games on their sites; (b) have no customer support; and (c) have their URLs frequently blocked by ISPs and Internet intermediaries.

44.     To stay operational when their URLs are being blocked, King Games operates a series of "mirror sites," often sending out links to mirror sites so that the King Games users can continue to play with the same login details even after one URL is shut down.

45.     King Games also uses a number of game launch URLs to launch counterfeit versions of Plaintiffs' games.  That is, when a consumer opens a counterfeit game on the King Games Counterfeit Sites, a game launch URL then takes the consumer to the counterfeit game. These game launch URLs include prod.gplay.games, static.kingsgames.net, and pragmac3.mobule.games.  Indeed, many of the King Games Counterfeit Sites use the same game launch URLs to launch the counterfeit games.[3]

46.     The King Games Counterfeit Sites are operated through extensive use of U.S.-based service providers including, without limitation, U.S.-based domain registries, domain registrars, content delivery network (CDN) providers, payment providers, hosting providers, certificate providers, and email service providers.

47.     Defendants also contract with U.S.-based domain registrars to further their unlawful activity.

48.     The King Games Counterfeit Sites are operated and financed by King Games and the John Doe Defendants through use of aliases to conceal their unlawful activities.

---

[3] For example, games on the King Games Counterfeit Sites mobilecasino888.com, blockbets.casino, zeslots.com, yourwin24.com, mrjonescasino.com, mrbigwins.com, and vegasnight.io use the game launch URL static.kingsgames.net; games on the King Games Counterfeit Sites winstler.co, gamblii.io, and slottio.com use the game launch URL pragmac3.mobule.games; and games on the King Games Counterfeit Sites mika8.bet, emme20.bet, and emme8.bet use the game launch URL prod.gplay.games.

49.    The following screen captures are examples of the extensive copying of Plaintiffs'

legitimate websites and games by Defendants and unauthorized use of the PRAGMATIC PLAY

Marks, Plaintiffs' Game Marks, and Plaintiffs' Works on the King Games Counterfeit Sites.

**mika8.bet**



50.    The above screenshot from <u>mika8.bet</u> includes unauthorized copies of Pragmatic

Play's Joker's Jewels, Panda's Fortune, and Aztec Gems games and trademarks.   When the

graphics for each of these games are selected, counterfeit versions of Pragmatic Play's games are

launched using unauthorized copies of Pragmatic Play's copyright-protected source code.

**mobilecasino888.com**



51.     The above screenshot from mobilecasino888.com includes unauthorized copies of Plaintiffs' Joker's Jewels, Christmas Big Bass Bonanza, Big Bass Bonanza, Sweet Bonanza 1000, and Sweet Bonanza games and trademarks.  When the graphics for each of these games are selected, counterfeit versions of Plaintiffs' games are launched using unauthorized copies of Plaintiffs' copyright-protected source code.

**blockbets.casino**



52.     The above screenshot from blockbets.casino includes unauthorized copies of Plaintiffs' Sweet Bonanza, Gates of Olympus, Gates of Olympus 1000, Big Bass Bonanza, and Chilli Heat games and trademarks.  When the graphics for each of these games are selected, counterfeit versions of Plaintiffs' games are launched using unauthorized copies of Plaintiffs' copyright-protected source code.

**zeslots.com**



53.    The above screenshot from zeslots.com includes unauthorized copies of Pragmatic Play's Sweet Bonanza, Sweet Bonanza Dice, Sugar Rush 1000, Sugar Rush, The Dog House, The Dog House Dice Show, The Dog House Dog or Alive, Gates of Olympus, Gates of Olympus Dice, Gates of Olympus 1000, Gates of Heaven, Saray Ruyas, Starlight Princess, Joker's Jewels Dice, and Joker's Jewels games and trademarks.  When the graphics for each of these games are selected, counterfeit versions of Pragmatic Play's games are launched using unauthorized copies of Pragmatic Play's copyright-protected source code.

**yourwin24.com**



54.    The above screenshot from yourwin24.com includes unauthorized copies of Pragmatic Play's Sweet Bonanza, Sweet Bonanza Dice, Sugar Rush 1000, Sugar Rush, Gates of Heaven, The Dog House Dice Show, The Dog House Dog or Alive, The Dog House, Gates of Olympus Dice, Gates of Olympus 1000, Gates of Olympus, Saray Ruyas, Starlight Princess, Joker's Jewels, and Joker's Jewels Dice games and trademarks.  When the graphics for each of these games are selected, counterfeit versions of Pragmatic Play's games are launched using unauthorized copies of Pragmatic Play's copyright-protected source code.

**mrjonescasino.com**



55.    The above screenshot from mrjonescasino.com includes unauthorized copies of Plaintiffs' Sweet Bonanza, Gates of Olympus, Gems Bonanza, and Big Bass Bonanza games and trademarks.  When the graphics for each of these games are selected, counterfeit versions of Plaintiffs' games are launched using unauthorized copies of Plaintiffs' copyright-protected source code.

**emme20.bet**



56.    The above screenshot from emme20.bet includes unauthorized copies of Pragmatic Play's Joker's Jewels and Joker's Jewels Dice games and trademarks.  When the graphics for each of these games are selected, counterfeit versions of Pragmatic Play's game are launched using unauthorized copies of Pragmatic Play's copyright-protected source code.

**emme8.bet**



57.    The above screenshot from emme8.bet includes unauthorized copies of Pragmatic Play's Joker's Jewels and Joker's Jewels Dice games and trademarks.  When the graphics for each

of these games are selected, counterfeit versions of Pragmatic Play's game are launched using unauthorized copies of Pragmatic Play's copyright-protected source code.

**mrbigwins.com**



58.     The above screenshot from mrbigwins.com includes unauthorized copies of Plaintiffs' Gates of Olympus, Christmas Big Bass Bonanza, Joker's Jewels, Big Bass Bonanza, Sweet Bonanza, and Sweet Bonanza 1000 games and trademarks.  When the graphics for each of these games are selected, counterfeit versions of Plaintiffs' games are launched using unauthorized copies of Plaintiffs' copyright-protected source code.

**vegasnight.io**



59.    The above screenshot from vegasnight.io includes unauthorized copies of Pragmatic Play's Gates of Olympus, Gates of Olympus 1000, Gates of Olympus Dice, Gates of Heaven, Pyramid Bonanza, Vampires vs Wolves, Saray Ruyas, Starlight Princess, Eye of the Storm, The Dog House Dog or Alive, The Dog House, The Dog House Dice Show, Sweet Bonanza Dice, Sweet Bonanza, Joker's Jewels, and Joker's Jewels Dice games and trademarks.  When the graphics for each of these games are selected, counterfeit versions of Pragmatic Play's games are launched using unauthorized copies of Pragmatic Play's copyright-protected source code.

**winstler.co**



60.     The above screenshot from <u>winstler.co</u> includes unauthorized copies of Plaintiffs' Big Bass Bonanza, The Dog House, Sweet Bonanza, Sweet Bonanza Xmas, and The Hand of Midas games and trademarks.  When the graphics for each of these games are selected, counterfeit versions of Plaintiffs' games are launched using unauthorized copies of Plaintiffs' copyright-protected source code.

**<u>gamblii.io</u>**



61.     The above screenshot from <u>gamblii.io</u> includes unauthorized copies of Plaintiffs' Big Bass Bonanza, Gates of Olympus, Sweet Bonanza, The Dog House, and John Hunter and the Tomb of the Scarab Queen games and trademarks.  When the graphics for each of these games are selected, counterfeit versions of Plaintiffs' games are launched using unauthorized copies of Plaintiffs' copyright-protected source code.

**slottio.com**



62.    The above screenshot from slottio.com includes unauthorized copies of Plaintiffs' Big Bass Bonanza, Gates of Olympus, Sweet Bonanza, The Dog House, and John Hunter and the Tomb of the Scarab Queen games and trademarks.  When the graphics for each of these games are selected, counterfeit versions of Plaintiffs' games are launched using unauthorized copies of Plaintiffs' copyright-protected source code.

**luckybarcasino.com**



63.    The above screenshot from luckybarcasino.com include an unauthorized copy of Pragmatic Play's Gates of Olympus game and trademarks.  When the graphics for this game are

selected, a counterfeit version of Pragmatic Play's game is launched using unauthorized copies of Pragmatic Play's copyright-protected source code.

**bet30.red**



64.    The above screenshot from bet30.red includes unauthorized copies of Plaintiffs' Joker's Jewels, Diamond Strike, Chilli Heat, Sugar Rush 1000, Sugar Rush, Aztec Gems, Gates of Olympus 1000, Gates of Olympus, Sweet Bonanza, John Hunter and the Tomb of the Scarab Queen, and Wild Wild Riches games and trademarks.  When the graphics for each of these games are selected, counterfeit versions of Plaintiffs' games are launched using unauthorized copies of Plaintiffs' copyright-protected source code.

**superbigwinner.com**





65. The above screenshots from underline(superbigwinner.com) includes unauthorized copies of Plaintiffs' Sugar Rush, Chilli Heat, and The Dog House Dice Show, and The Dog House games and trademarks. When the graphics for each of these games are selected, counterfeit versions of Plaintiffs' games are launched using unauthorized copies of Plaintiffs' copyright-protected source code.

**six-slots.com**



66.     The above screenshot from six-slots.com includes unauthorized copies of Plaintiffs' Starlight Princess, Sweet Bonanza, The Dog House, Hot to Burn, Gates of Olympus Dice, and Gates of Olympus games and trademarks. When the graphics for each of these games are selected, counterfeit versions of Plaintiffs' games are launched using unauthorized copies of Plaintiffs' copyright-protected source code.

67.     Screenshots from Plaintiffs' legitimate websites and games make clear that games on the King Games Counterfeit Sites are making unauthorized use of the PRAGMATIC PLAY Marks, Plaintiffs' Game Marks, and Plaintiffs' Works.

## COUNT ONE:
### (Trademark Counterfeiting)

68.     Plaintiffs repeat and reallege each and every allegation set forth in the foregoing paragraphs, as though fully set forth herein.

69.     Defendants are intentionally and knowingly using counterfeit versions of the PRAGMATIC PLAY Marks and Plaintiffs' Game Marks in connection with fraudulent websites that are being used for the sale, offering for sale and/or distribution of online casino services.

70.     Defendants have used spurious designations that are identical with, or substantially indistinguishable from, the PRAGMATIC PLAY Marks and Plaintiffs' Game Marks on goods and/or services covered by the federal registrations for such marks, including, for example, fraudulent websites designed to replicate Plaintiffs' legitimate online gambling websites and services.

71.     Defendants have used these spurious designations knowing they are counterfeit in connection with the advertisement, promotion, sale, offering for sale and distribution of goods and/or services.

72.     Defendants' use of the counterfeit PRAGMATIC PLAY Marks and Plaintiffs' Game Marks on fraudulent websites to advertise, promote, offer for sale, distribute, and sell goods and/or services was, and is, without the consent of Plaintiffs.

73.     Defendants' use of the counterfeit PRAGMATIC PLAY Marks and Plaintiffs' Game Marks on fraudulent websites in connection with advertisement, promotion, sale, offering for sale and distribution of goods and/or services constitutes use of the PRAGMATIC PLAY Marks and Plaintiffs' Game Marks in commerce.

74.     The unauthorized use by Defendants of the PRAGMATIC PLAY Marks and Plaintiffs' Game Marks as set forth above is likely to: (a) cause confusion, mistake and deception; (b) cause the public to believe that the products and/or services offered by Defendants are authorized, sponsored or approved by Plaintiffs or that Defendants are affiliated, connected or associated with or in some way related to Plaintiffs; and (c) result in Defendants' unfairly

benefitting from Plaintiffs' advertising and promotion and profiting from the reputation of Plaintiffs and the PRAGMATIC PLAY Marks and Plaintiffs' Game Marks all to the substantial and irreparable injury of the public and Plaintiffs.

75.     The aforesaid acts by Defendants constitute willful trademark counterfeiting in violation of Sections 32 and 34 of the Lanham Act, 15 U.S.C. §§ 1114 and 1116(d)(1).

76.     As such, Plaintiffs are entitled to injunctive relief.  Additionally, Plaintiffs are entitled to statutory damages of up to $2,000,000.00 per mark.  *Id*. § 1117(c)(2).  Alternatively, Plaintiffs are entitled to disgorgement of Defendants' profits, treble damages in an amount to be proven at trial, prejudgment interest, attorney's fees, and costs.  *Id*. §§ 1117(a), (b).

## COUNT TWO:
### (Trademark Infringement)

77.     Plaintiffs repeat and reallege each and every allegation set forth in the foregoing paragraphs, as though fully set forth herein.

78.     Defendants are using the PRAGMATIC PLAY Marks and Plaintiffs' Game Marks in commerce and have no valid rights in the PRAGMATIC PLAY Marks and Plaintiffs' Game Marks.

79.     Defendants have actual and/or constructive notice, pursuant to Section 22 of the Lanham Act, 15 U.S.C. § 1072, of the existence of Plaintiffs' superior rights in its PRAGMATIC PLAY Marks and Plaintiffs' Game Marks by reason of the existence of Plaintiffs' aforementioned federal trademark registrations.

80.     Use of the PRAGMATIC PLAY Marks and Plaintiffs' Game Marks by Defendants is without the permission or authorization of Plaintiffs.

81.     The aforesaid acts by Defendants constitute direct infringement of Plaintiffs' trademark rights in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114.

82.     The aforesaid acts have caused, and are causing, great and irreparable harm to Plaintiffs and the public.  The harm to Plaintiffs includes harm to the value and goodwill associated with the PRAGMATIC PLAY Marks and Plaintiffs' Game Marks that money alone cannot compensate.  Unless permanently restrained and enjoined by this Court, this irreparable harm will continue.

83.     As such, Plaintiffs are entitled to injunctive relief.  Additionally, Plaintiffs are entitled to actual damages and disgorgement of Defendants' profits, in an amount to be proven at trial, as well as prejudgment interest, costs, and attorney fees.  *Id*. § 1114(a), (b).

## COUNT THREE:
### (Copyright Infringement)

84.     Plaintiffs repeat and reallege each and every allegation set forth in the foregoing paragraphs, as though fully set forth herein.

85.     Plaintiffs' Works include without limitation Plaintiffs' logos, individual game logos, menu structures, color schemes, graphics, sound recordings, associated source code and other materials created by Plaintiffs for the display of online games by Plaintiffs.

86.     The Plaintiffs' Works are non-U.S. works that were first published outside of the United States and are exempt from the copyright registration requirements of 17 U.S.C. § 411.

87.     At all times relevant hereto, Plaintiffs and their subsidiaries have been and are the owner and proprietor of all right, title, and interest in and to Plaintiffs' Works.

88.     Plaintiffs' Works contain creative material wholly original to Plaintiffs and are copyrightable subject matter under the copyright laws of the United States.

89.     Defendants have infringed and continue to infringe on Plaintiffs' copyrights by copying, distributing, altering, and/or displaying Plaintiffs' Works through the King Games Counterfeit Sites.

90.     Such copying, distributing, altering, and/or displaying of Plaintiffs' Works was done by Defendants without the consent, approval, or license of Plaintiffs.

91.     The foregoing actions of Defendants have been knowing, deliberate, willful, and in utter disregard of Plaintiffs' rights.

92.     The above acts by Defendants violate Plaintiffs' exclusive rights under Section 106 of the Copyright Act, 17 U.S.C. § 106, and constitute willful infringement of Plaintiffs' copyrights under Section 501 of the Copyright Act, 17 U.S.C. § 501.  Defendants have caused, and are causing, great and irreparable harm to Plaintiffs and the public for which money alone cannot compensate.

93.     As such, Plaintiffs are entitled to injunctive relief, *id*. § 502(a), actual damages and profits in an amount to be proven at trial, *id*. § 504(b), costs and attorney's fees, *id.* § 505, and prejudgment interest.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request of this Court:

A.      That judgment be entered in favor of Plaintiffs on its claims of trademark counterfeiting, trademark infringement, and copyright infringement.

B.      That Defendants be required to pay Plaintiffs statutory damages pursuant to 15 U.S.C. § 1117(c) and/or 17 U.S.C. § 504(c).

C.      That, in the alternative, actual damages (trebled with respect to the trademark counterfeiting claim) be awarded against Defendants.

D.      That Defendants be required to give an accounting, disgorge all profits earned from the operation of fraudulent websites containing counterfeit PRAGMATIC PLAY Marks, Plaintiffs' Game Marks, or Plaintiffs' Works.

E.    That the Court permanently enjoin Defendants and their officers, directors, principals, agents, servants, employees, successors and assigns, and all those in active concert or participation with them, jointly and severally, from:

i.    Copying, distributing, altering, displaying, hosting, selling and/or promoting Plaintiffs' Works;

ii.    Using any copy or colorable imitation of the PRAGMATIC PLAY Marks or Plaintiffs' Game Marks in connection with the promotion, advertisement, display, sale, offering for sale, manufacture, printing, importation, production, circulation, or distribution of any product or service, in such fashion as to relate or connect such product in any way to Plaintiffs, or to any goods sold, manufactured, sponsored, approved by, or connected with Plaintiffs;

iii.    Using Telegram, or other social media platforms, to copy, distribute, alter, display, host, sell, and/or promote the PRAGMATIC PLAY Marks, Plaintiffs' Game Marks, or Plaintiffs' Works;

iv.    Engaging in any other activity constituting an infringement of the PRAGMATIC PLAY Marks, Plaintiffs' Game Marks, or Plaintiffs' Works, or constituting any damage to Plaintiffs' names, reputation, or goodwill.

F.    That those in active concert or participation with Defendants and those with notice of the injunction, including without limitation any web hosting providers, domain name registrars, domain name registries, CDN providers, certificate providers, payment providers, and/or email service providers cease facilitating access to any or all domain names and websites or accounts through which Defendants engage in unlawful access to, use, reproduction, and distribution of the PRAGMATIC PLAY Marks, Plaintiffs' Game Marks, or Plaintiffs' Works;

G.      That the domain name registries and registrars for the King Games Counterfeit Sites, or their administrators, place the domain names on registryHold/serverHold or such other status to render the names/sites non-resolving;

H.      That the domain name registries and registrars for the game launch URLs used by Defendants to launch the counterfeit games (including static.kingsgames.net, pragmac3.mobule.games, and prod.gplay.games), or their administrators, place the game launch URLs on registryHold/serverHold or such other status to render the names/sites non-resolving;

I.      That the Court order an award of costs and reasonable attorneys' fees, pursuant to 15 U.S.C. § 1117(a), 17 U.S.C. § 505, or as otherwise permitted by law, incurred by Plaintiffs in connection with this action;

J.      That Plaintiffs be awarded pre-judgment interest and post-judgment interest on the above damages awards; and

K.      That the Court order an award to Plaintiffs of such other and further relief as the Court may deem just and proper.


Dated: September 10, 2025                 By:  /s/ Attison L. Barnes, III
                                          Attison L. Barnes, III (Va. Bar No. 30458)
                                          David E. Weslow (for *pro hac admission*)
                                          Krystal B. Swendsboe (Va. Bar No. 89614)
                                          **WILEY REIN LLP**
                                          2050 M Street NW
                                          Washington, DC 20036
                                          Tel: (202) 719-7000
                                          abarnes@wiley.law
                                          dweslow@wiley.law
                                          kswendsboe@wiley.law

                                          *Counsel for Plaintiffs*
                                          *Tamaris (Gibraltar) Ltd. and Zamia LLP*